## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**WISSAM TAYSIR HAMMOUD,**

      **Petitioner,**

**v.**
                                  **Case No. 8:19-cv-2541-T-27TGW**
                                  **Criminal Case No. 8:04-cr-2-T-27TGW**

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____/

## ORDER

    **BEFORE THE COURT** are Petitioner Hammoud's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), his Memorandum of Law in Support (cv Dkt. 2), the United States' Response (cv Dkt. 12), and Hammoud's Reply (cv Dkt. 18). Upon review, the § 2255 motion is **DENIED**.

## BACKGROUND

    In a prior case, Hammoud was convicted of federal firearms offenses stemming from his sale of a firearm to an undercover agent introduced to him by a confidential informant. (cr Dkt. 79 at 19). After Hammoud was sentenced, he used computer programs and met with two cooperating witnesses in an attempt to find and kill the agent and informant. (Id. at 19-20). He instructed the witnesses on the means to silence a firearm and indicated that he was willing to pay $5,000 to anyone who killed the informant. (Id. at 20). Hammoud met with the witnesses to discuss "the window of opportunity" to kill the informant. (Id.). He also said he would provide the witnesses with a handgun and silencer to kill the informant, which he did. (Id. at 20-21).

Based on this conduct, Hammoud was charged in a Superseding Indictment with 13 counts. (cr Dkt. 29). Pursuant to a written plea agreement, in exchange for the dismissal of the other counts, he pleaded guilty to retaliating against a witness in violation of 18 U.S.C. § 1513 (Count One), solicitation to commit murder in violation of 18 U.S.C. § 373 (Count Three), use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Five), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count Thirteen). (cr Dkt. 79 at 1). As to the § 924(c) charge in Count Five, the Superseding Indictment charged Hammoud with carrying a firearm during and in relation to a crime of violence, to wit: the crimes of retaliation against a witness as charged in Counts One and Two, and solicitation to commit murder, as charged in Counts Three and Four. (cr Dkt. 29 at 4).

During his change of plea hearing, although the plea agreement recited that the first element of Count Five was that he carried a firearm during the solicitation crime charged in Count Three, after an exchange between the Magistrate Judge and counsel, Hammoud pleaded guilty to carrying a firearm during the witness retaliation offense. (cr Dkt. 79 at 4; cv Dkt. 12-1). He was sentenced to concurrent terms of 180 months on Counts One and Three, a concurrent term of 120 months on Count Thirteen, and a consecutive 60 month term on Count Five. (cv Dkt. 12-3 at 262-65; cr Dkt. 125). The Eleventh Circuit affirmed his convictions and dismissed his challenge to his sentence. *United States v. Hammoud*, 229 F. App'x 869 (11th Cir. 2007).

Hammoud's first § 2255 motion was denied. See Case No. 8:08-cv-1300-T-27MAP. The Eleventh Circuit granted his application for leave to file a second or successive § 2255 motion based on his claim under *United States v. Davis*, 139 S. Ct. 2319 (2019), that his § 924(c) conviction is no longer valid, since the predicate conviction of solicitation only qualified as a

2

"crime of violence" under the statute's unconstitutional residual clause. *In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019). Hammoud filed this § 2255 motion raising a single claim: "Convicting Mr. Hammoud on count five based on 18 U.S.C. § 924(c)(3)(B)'s residual clause violated due process."[1] (cv Dkt. 1 at 4). The United States correctly responds that the claim is procedurally defaulted and without merit. (cv Dkt. 12).[2]

## DISCUSSION

In summary, Hammoud procedurally defaulted his *Davis* claim by failing to raise it on direct appeal. And, contrary to his contention, the crime of retaliation against a witness, not solicitation, served as the predicate offense to support his § 924(c) conviction on Count Five. Since retaliation against a witness constitutes a "crime of violence" and his conviction does not turn on the validity of the residual clause, his claim is due to be denied.

---

[1] Hammoud explains,

> The U.S. Supreme Court has declared § 924(c)(3)(B)'s residual clause unconstitutionally vague. *Davis v. United States*, 139 S. Ct. 2319 (2019). Mr. Hammoud's conviction on count five was based on the use of that clause, and without the use of that clause his conviction on count five could not have been imposed. Accordingly, in light of Davis, Mr. Hammoud's conviction on that count must be vacated.

(cv Dkt. 1 at 4)
.

[2] Because there is no dispute of material fact, an evidentiary hearing is unnecessary. Hammoud filed correspondence to his counsel in which he challenges factual statements asserted by the United States and appears to challenge the voluntariness of his guilty plea. (cv Dkt. 13 at 1). However, it is unnecessary to consider the underlying facts of Hammoud's crime to rule on his motion, which presents a purely legal question.

To the extent Hammoud seeks to raise additional claims, the Eleventh Circuit limited this second or successive § 2255 motion to his *Davis* claim. (cv Dkt. 1-1 at 11-12). His contentions are, in any event, without merit. He failed to object to the facts at issue as described in the presentence investigation report, and he stipulated to them in the plea agreement and at the change of plea hearing. (cr Dkt. 79 at 19-22; cv Dkt. 12-1 at 10). And his Rule 11 colloquy belies any claim that his guilty plea was not voluntarily entered. (cv Dkt. 12-1); *see also Hammoud*, 229 F. App'x at 875 (finding no plain error in accepting Hammoud's guilty plea).

*Procedural Default*

The United States contends Hammoud "procedurally defaulted his challenge to count five—that § 924(c)(3)(B) is unconstitutionally vague—by failing to challenge it on direct appeal."[3] (cv Dkt. 12 at 8). Hammoud responds that he can show cause to excuse the default "because the basis of his claim was not reasonably available at the time of his direct appeal." (cv Dkt. 18 at 1).

"[A] claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default." *Bousley*, 523 U.S. at 622 (citations and internal quotation marks omitted). For example, a constitutional claim is not "reasonably available" if the Supreme Court decision establishing that claim: (1) explicitly overrules one of the Court's precedents; (2) overturns a longstanding and widespread practice to which the Court has not spoken, "but which a near-unanimous body of lower court authority has expressly approved"; or (3) disapproves a practice that the Court "arguably has sanctioned in prior cases." *Reed v. Ross*, 468 U.S. 1, 17 (1984). "By definition, when a case falling into one of the first two categories is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a . . . court to adopt the position that [the Supreme Court]

---

[3] The Eleventh Circuit explains:

> A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so. . . . Defendants can avoid the procedural bar by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence.

*Hill v. United States*, 569 F. App'x 646, 648 (11th Cir. 2014) (citations omitted). Cause requires a showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim previously." *Lynn v. United States*, 365 F.3d 1225, 1235 n.20 (11th Cir. 2004) (citations and internal quotation marks omitted). And "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citations omitted). Although Hammoud contends he is actually innocent of the § 924(c) crime (cv Dkt. 18 at 4-5), as discussed, the stipulated factual basis and a crime of violence, retaliation against a witness, support the conviction.

has ultimately adopted," and such a case will satisfy the cause requirement. *Id.*; *see also Rose v. United States*, 738 F. App'x 617, 626 (11th Cir. 2018).

Hammoud's *Davis* claim satisfies this standard. Before *Davis*, the Supreme Court had rejected vagueness challenges to a similar residual clause in the Armed Career Criminal Act (ACCA). *See James v. United States*, 550 U.S. 192 (2007); *Sykes v. United States*, 564 U.S. 1 (2011). And in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court invalidated that residual clause, overruling its decisions in *James* and *Sykes*. The Court made *Johnson* retroactive in *Welch v. United States*, 136 S. Ct. 1257 (2016), and invalidated § 924(c)'s residual clause in *Davis*. The Eleventh Circuit determined the rule in *Davis* to be retroactive. *In re Hammoud*, 931 F.3d at 1039. And prior to *Johnson*, appellate courts had rejected similar vagueness challenges. *See e.g.*, *United States v. Weeks*, 711 F.3d 1255 (11th Cir. 2013); *United States v. Childs*, 403 F.3d 970 (8th Cir. 2005); *United States v. Presley*, 52 F.3d 64 (4th Cir. 1995); *United States v. Veasey*, 73 F.3d 363 (6th Cir. 1995).

In sum, at the time of Hammoud's direct appeal, a claim that his § 924(c) conviction was invalid because the statute's residual clause was unconstitutional was "so novel that its legal basis [was] not reasonably available to counsel" and therefore his failure to raise the claim "is sufficiently excusable to satisfy the cause requirement."[4] *Rose*, 738 F. App'x at 626 (citations omitted). However, Hammoud has not shown that he suffered prejudice resulting from counsel's failure to raise the claim on direct appeal. Indeed, the § 924(c) predicate offense of retaliation

---

[4] This determination is in accord with most courts to decide the issue. *See, e.g.*, *United States v. Garcia*, No. 17-3266, 2020 WL 1952489, at *6 (10th Cir. Apr. 23, 2020); *Vilar v. United States*, No. 16-CV-5283, 2020 WL 85505, at *2 (S.D.N.Y. Jan. 3, 2020) ("In the absence of any indication that *Davis* . . . was even close to anybody's radar screen in 1997 or 1998, I will assume that the claim here is so novel that it was not reasonably available to counsel at the time."); *Howie v. United States*, No. 3:06-CR-50-RJC-1, 2019 WL 4743724, at *5 (W.D.N.C. Sept. 27, 2019) (collecting cases).

against a witness by killing or attempted killing, which was supported by an adequate factual basis in the plea agreement and during Hammoud's Rule 11 colloquy, nonetheless constituted a crime of violence under § 924(c)'s elements clause. Accordingly, although Hammoud has established cause, he has not shown that he suffered prejudice resulting from counsel's failure to raise the claim on appeal. Accordingly, his procedural default of the claim is not excused.

### The Charge Supporting the § 924(c) Conviction

As the United States correctly contends, the witness retaliation crime charged in Count One, rather than the solicitation crime charged in Count Three, served as the predicate crime for Hammoud's § 924(c) guilty plea and conviction on Count Five.[5] (cv Dkt. 12 at 14-18). As noted, Count Five charged Hammoud with using and carrying a firearm during and in relation to the crimes of witness retaliation and solicitation to commit a crime of violence. (cr Dkt. 29 at 4). While the plea agreement provided that the first element of Count Five was "that the Defendant committed the crime of violence charged in Count Three of the indictment," (cr Dkt. 79 at 4), the Rule 11 colloquy demonstrates unequivocally that Hammoud pleaded guilty to using and carrying a firearm during the crime of witness retaliation as charged in Count One, not the solicitation crime charged in Count Three. During his Rule 11 colloquy, the Magistrate Judge and the parties discussed at length and confirmed that the retaliation crime charged in Count One was the predicate offense for the § 924(c) charge. (cv Dkt. 12-1 at 16-17). Defense counsel informed the Magistrate

---

[5] In its order granting Hammoud leave to file a second or successive § 2255 motion, the Eleventh Circuit found that he made a *prima facie* showing that he was entitled to relief on his claim that the § 924(c) conviction, predicated on solicitation, is invalid. *In re Hammoud*, 931 F.3d at 1040. However, this Court was instructed to "in the first instance . . . proceed to consider the merits of Hammoud's § 2255 motion, along with any defenses and arguments the respondent may raise," *id.* at 1040-41. And Hammoud bears the "ultimate burden of proof." *Beeman v. United States*, 871 F.3d 1215, 1225 n.6 (11th Cir. 2017).

Judge that he and Hammoud "discussed the consecutive nature of Count 5 and [they] are aware of that." (cv Dkt. 12-1 at 16).

Moreover, after explaining the charge in Count One to Hammoud, the Magistrate Judge noted that Count Five charged Hammoud with using and carrying a firearm during and in relation to "the crime of violence for which you could be prosecuted in a court of the United States, that is the offense charged in Count 1," and that the elements of the offense are "that you committed the crime of violence charged in Count 1. Second, that during the commission of that offense you knowingly carried a firearm as charged." (Id. at 28). Indeed, after Defense counsel informed the Court that he had heard the Court say that "the first element would be referred to the crime of violence charged in Count 3," and, "just so there is no mistake," the Magistrate Judge confirmed that Count Five charged Hammoud with "carrying a firearm during and relation to the crime of violence charged in Count 1." (Id.).

Finally, the Magistrate Judge acknowledged that although the plea agreement specified that the first element of Count Five was the commission of the crime charged in Count Three, he corrected that by determining that the plea agreement "should say Count 1." (Id. at 29). Hammoud confirmed that he understood what he was "charged with in the nature of the crime," pleaded guilty, and acknowledged that he carried the firearm, ammunition, and silencer "in an effort to carry out the offense charged in Count 1." (Id.).

In sum, Hammoud's Rule 11 colloquy demonstrates that the Magistrate Judge clarified several times that the crime charged in Count One was the predicate crime for the § 924(c) charge, and at no point did the United States, counsel, or Hammoud object. Rather, their assent to the correction further reflects their intent that the retaliation crime charged in Count One was the

7

predicate crime for the § 924(c) charge. In Count Five, Hammoud's guilty plea was accepted as knowing, intelligent, and voluntary and he was adjudicated guilty of Count Five "of the Superseding Indictment." (cr Dkts. 91, 125; cv Dkt. 12-1 at 33; cv Dkt. 12-2 at 3).

Hammoud now contends that despite his apparent assent to the Magistrate Judge's corrective explanation of the elements of Count Five, the Magistrate Judge could not modify the terms of the plea agreement. (cv Dkt. 18 at 6). The cases he relies on, however, are distinguishable. In *United States v. Melton*, 861 F.3d 1320 (11th Cir. 2017), for example, a district court essentially "grafted the government's earlier § 5K1.1 motions onto [the petitioner's] plea agreement[] and transformed those motions into promises." 861 F.3d at 1327. The appellate court found that "[c]ourts are not authorized to ink in revisions to ensure that the defendants continue to receive the same value regardless of future changes in the law." *Id.* at 1329. And *United States v. Howle*, 166 F.3d 1166 (11th Cir. 1999) relates to the possibility of a district court unilaterally striking an appeal waiver. 166 F.3d at 1168.

In *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019), the Eleventh Circuit did find that at sentencing, "the trial court had no discretion to unilaterally change the crime that [the defendant] had pled guilty to." 942 F.3d at 1074 n.5. In contrast to *Brown,* however, here, the Magistrate Judge's correction of the elements of Count Five, even if considered an amendment to the plea agreement, was agreed to by the parties and preceded Hammoud's guilty plea. *See, e.g.*, *United States v. Green*, 595 F.3d 432, 439 (2d Cir. 2010) (allowing oral amendment to plea agreement); *United States v. Lewis*, 234 F. App'x 95, 96 (4th Cir. 2007) (rejecting challenge to guilty plea where typographical errors in plea agreement were corrected by government at Rule 11 colloquy and magistrate judge informed defendant of the counts she was pleading guilty to).

8

As the Eleventh Circuit clarified in *Brown*, to determine whether a § 924(c) conviction is supported by a predicate crime of violence, the relevant crime is the one that the defendant "pled guilty to" and "the trial court adjudged [him] guilty of." 942 F.3d at 1074. As Hammoud's Rule 11 colloquy confirms, he pleaded guilty to and was adjudicated guilty of the use of a firearm during the crime of witness retaliation, in violation of § 924(c), as charged in Count Five. He did not plead guilty to, and was never adjudicated guilty of, using a firearm in relation to solicitation.[6] Accordingly, the record is clear that the predicate offense supporting his § 924(c) conviction is witness retaliation, not solicitation to commit murder.

### Whether a Violation of 18 U.S.C. § 1513(a)(1) Is a Crime of Violence

In summary, because a violation of 18 U.S.C. § 1513(a)(1) qualifies as a "crime of violence" under the elements clause of § 924(c), and Hammoud has failed to show "that his § 924(c) conviction resulted from application of solely the residual clause," *In re Hammoud*, 931 F.3d at 1041, he is not entitled to relief.

Section 924(c) makes it a crime to use or carry a firearm during and in relation to, or to possess a firearm in furtherance of, a "crime of violence." 18 U.S.C. § 924(c)(1)(A). An offense qualifies as a "crime of violence" if it is a felony that (i) "has as an element the use, attempted use,

---

[6] Although he asserts it is unclear whether he "understood or assented to any modification" of the plea agreement, (cv Dkt. 18 at 6), rather than challenge the validity of his guilty plea to Count Five, he urges the Court to find that, for purposes of his *Davis* claim, he was in fact adjudicated guilty of a different crime. He cites no authority supporting this as an appropriate remedy, however.

Even assuming his contentions relating to the § 924(c) predicate offense provide a plausible basis to challenge the validity of his guilty plea to Count Five, *see, e.g.*, *United States v. Bradley*, 381 F.3d 641, 646 (7th Cir. 2004), at no point has he specifically done so. Nor did he object to the Magistrate Judge's report and recommendation to accept his guilty plea or raise the issue prior to, during, or following his sentencing. (cv Dkt. 12-3). While he did challenge his guilty pleas on Counts One and Thirteen on direct appeal, he did not address any confusion as to the predicate offense supporting Count Five. On direct appeal he only argued that because his guilty plea on Count One was defective, Count Five, which "incorporated by reference Count One and the offense charged in Count One," was also defective. *United States v. Hammoud*, No. 06-11164-G, 2007 WL 1707136 (11th Cir. Jan. 8, 2007).

or threatened use of physical force against the person or property of another" (the elements clause), or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the residual clause). 18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court held that the residual clause is unconstitutionally vague. 139 S. Ct. at 2336. Accordingly, for Hammoud's conviction to be valid, the crime of retaliation against a witness by a killing or attempted killing under 18 U.S.C. § 1513(a)(1) must satisfy the elements clause. *See Beeman*, 871 F.3d at 1221-22.

To determine whether an offense constitutes a "crime of violence" under the elements clause, courts apply a categorical approach and "look to whether the statutory elements of the predicate offense necessarily require, at a minimum, the threatened or attempted use of force." *Brown*, 942 F.3d at 1075. "[T]he particular facts of the case are irrelevant because the inquiry begins and ends with the elements of the crime." *Id.* As the United States correctly contends, § 1513(a)(1)'s element of killing or attempting to kill another requires the use, attempted use, or threatened use of physical force.[7] (cv Dkt. 12 at 19).

Hammoud reasons that because an individual can violate § 1513(a)(1) with reckless conduct, the offense does not constitute a crime of violence. (cv Dkt. 18 at 12).[8] The Fourth Circuit

---

[7] Section 1513(a)(1) makes it illegal for an individual to "[k]ill[] or attempt[] to kill another person with intent to retaliate against any person" for

> (A) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or
> (B) providing to a law enforcement officer any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings . . . .

[8] Hammoud fails to cite authority from the Eleventh Circuit finding that an offense that can be committed recklessly does not constitute a crime of violence under § 924(c). And while the United States relies on *United States v. Sanchez*, 940 F.3d 526 (11th Cir. 2019) for the proposition that a state conviction for attempted second-degree murder is a violent felony under the ACCA, that statute was divisible and the defendant was convicted of a section

addressed the similar question of whether a violation of § 1513(b) for retaliation by bodily injury constitutes a crime of violence under the ACCA's elements clause. *United States v. Allred*, 942 F.3d 641 (4th Cir. 2019). In finding that it does, the court noted that

> Although there is no mens rea specified for the element of causation, the statute contains not one, but *two* heightened mens rea requirements. Specifically, to find [the defendant] guilty, the jury was required to agree that he "*knowingly* engage[d]" in conduct with the specific "*intent* to retaliate against" a witness and thereby "cause[d] bodily injury" to another person. We find it difficult to imagine a realistic scenario in which a defendant would knowingly engage in conduct with the specific intent to retaliate against a witness and thereby only recklessly or negligently cause bodily injury. . . . Indeed, the parties have not pointed to any case in which a defendant was prosecuted under § 1513(b)(1) for reckless or negligent causation of bodily injury.

*Id.* at 654-55, *cert. denied*, 140 S. Ct. 1235 (2020) (citations omitted) (emphasis in original).

Although the language of subsections (a)(1) and (b) differ slightly, this Court finds the reasoning of the Fourth Circuit persuasive and applicable to the context of retaliation by a killing or attempted killing, which carries the more severe maximum penalty of the crimes. And even though a violation of § 1513(a)(1) can be proven by an attempted killing, this does not mean that, as Hammoud contends, he was convicted of "attempted retaliation." (cv Dkt. 18 at 13). Rather, he was charged with and convicted of retaliation as supported by the attempted killings of witnesses. (cr Dkt. 29 at 1-2; cv Dkt. 12-1 at 24-25; cr Dkt. 125). In any event, as he concedes, the Eleventh

---

that required intentional conduct. 940 F.3d at 534.

In *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010), the court found that "a conviction predicated on a *mens rea* of recklessness does not satisfy the 'use of physical force' requirement under § 2L1.2's definition of 'crime of violence.'" 606 F.3d at 1336. Subsequent to *Palomino Garcia*, the Supreme Court has found in other contexts that reckless conduct can involve the "use . . . of physical force." *See, e.g.*, *Voisine v. United States*, 136 S. Ct. 2272, 2276 (2016) (noting that the word "'use' does not demand that the person applying force have the purpose or practical certainty that it will cause harm"). It is, in any event, unnecessary to resolve this issue since, as the Fourth Circuit noted, the *mens rea* required by § 1513 is sufficient for a violation to constitute a crime of violence.

Circuit has instructed that attempted crimes of violence are themselves crimes of violence. *See Hylor v. United States*, 896 F.3d 1219, 1223 (11th Cir. 2018).

Accordingly, because retaliation against a witness in violation of § 1513(a)(1) is a crime of violence under § 924(c)'s elements clause and Hammoud has not shown that his conviction on Count Five turns on the validity of the residual clause, his *Davis* claim is due to be denied.

### Certificate of Appealability ("COA")

Hammoud has met the requisite standard for a COA on whether the Magistrate Judge improperly amended his plea agreement by correcting the predicate crime for his § 924(c) conviction on Count Five during his Rule 11 colloquy. He has demonstrated that jurists of reason could disagree with this court's resolution of his constitutional claim. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing standard when motion is dismissed on procedural grounds). Accordingly, a COA as to Hammoud's *Davis* claim is granted.

### CONCLUSION

Petitioner Hammoud's § 2255 motion is **DENIED**. (cv Dkt. 1). The Clerk is directed to enter judgment in the United States' favor and against Hammoud, and to **CLOSE** this case.

**DONE AND ORDERED** this 23rd day of June, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:  Petitioner, Counsel of Record

12